IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL SMITH | ) | Case No. 1:03CV1963 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Judge Ann Aldrich |
| | ) | |
| NORMAN ROSE, Warden, | ) | Magistrate Judge James S. Gallas |
| | ) | |
| Respondent. | ) | |
| | ) | MEMORANDUM AND ORDER |

On September 18, 2003, petitioner Michael Smith ("Smith") filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254 (Docket No. 1), in which he challenges the constitutionality of his conviction in Ohio state court for possession of marijuana. The state did not file a traverse or any form of objection to this petition, and it was referred to Magistrate Judge James S. Gallas for a report and recommendation on November 6, 2003.

The procedural history becomes somewhat unusual from there. On March 10, 2004, Smith filed a motion to expedite the disposition of his case. On March 9, 2005, the Magistrate Judge issued an order denying this motion (Docket No. 7), and a report and recommendation (Docket No. 8), in which he opined that grounds I, III, and IV of Smith's petition were fairly before this court, but that the court did not possess jurisdiction over ground II, because the latter was not "fairly presented" to the Ohio Supreme Court. The Magistrate Judge proceeded to recommend that this court either: (1) issue a stay to allow Smith to exhaust his second claim in state court before proceeding on his habeas petition; or (2) grant permission for Smith to amend his petition and abandon ground II.

Although this court had not yet issued a ruling on the Magistrate Judge's report and

recommendation, Smith filed a motion on April 26, 2005 (Docket No. 10). This document was submitted well after the deadline for filing of objections. However, Smith avers in the motion that he is not attempting to object to the Magistrate Judge's opinion. Instead, Smith styles his motion as one for leave to file an amendment to his original petition. He appears to seek approval of the aforementioned course of action (2), abandoning his reliance on ground II, and adding claims of "actual innocence" to his original arguments.

For the following reasons, the court now denies Smith's petition.

First, the court adopts the reasoning of the Magistrate Judge, and agrees that ground II, Smith's claim that his conviction was not supported by sufficient evidence, is not properly before this court. Smith did raise the question of sufficiency of the evidence in his original appeal to the Ohio Court of Appeals, Eighth District. The state court overruled his assignments of error on April 11, 2002. *See State v. Smith*, 2002 Ohio 1650; 2002 Ohio App. LEXIS 1597 (Ohio Ct. App. 2002)(Blackmon, J.). Because Smith did not appeal this decision to the Ohio Supreme Court, he has failed to properly exhaust his available remedies, and he cannot now advance his insufficiency of the evidence argument in this court. *See Granberry v. Greer*, 481 U.S. 129, 133 (1987). The court therefore adopts the recommendation of the Magistrate Judge on this point, and accepts Smith's apparent invitation to dismiss ground II of the petition without prejudice.

The court then finds that grounds I, III, and IV of the petition are without merit. Each alleges ineffective assistance of counsel in some fashion, and each was rejected by the Ohio Supreme Court for Smith's failure to follow procedural rules involving page numbers and time limits (*i.e.,* Smith's original filing could not be accepted because it exceeded the page limit, and he did not file a correction within the allotted time). The court turns to the four-part test articulated by *Maupin v.*

*Smith*, 785 F.2d 135, 138 (6th Cir. 1986) to determine the effect of this state procedural error on Smith's ability to seek federal review.

With regard to the first *Maupin* prong, it is clear that the procedural rules involving pages and timeliness – Ohio Supreme Court Rule III, § 1(C) and Rule VIII, § 5, respectively – exist. Second, the sanction for failing to comply with these rules was actually enforced. Third, the court agrees that violation of these state procedural rules is an adequate and independent ground that bars review of Smith's constitutional claims. As the Sixth Circuit observed in *Greer v. Mitchell*, 264 F.3d 663 (6th Cir. 2001), analysis of this third prong "will usually involve an examination of the legitimate state interests behind the procedural rule in light of the federal interest in considering federal claims." *Id.* at 673, quoting *Maupin*, 785 F.2d at 138. The court finds that the state of Ohio holds a legitimate and compelling interest in promoting the finality of state court judgments, and that this interest is effectively advanced by enforcing rules against untimely filing. And while the rule against excessive page numbers may seem draconian, or at least excessively punctilious, as applied to Smith, the fact is that this rule does not operate independently to bar review of cases filed before the Ohio Supreme Court. As the letter issued to Smith (and included as page 12 of his petition) makes clear, Rule VII, § 5, requires only that applicants correct and re-file offending documents within the original time frame for filing. Once Smith failed to comply with this provision, the state's interest in enforcing its timeliness rules justified the dismissal of his claims. Smith asserts no countervailing interest sufficient to justify federal intrusion into this area.

Finally, the court finds that Smith's claims fail at the fourth stage of the *Maupin* test, because he makes no effort to show cause for having violated the state procedural rule or to show that he was actually prejudiced by any alleged constitutional error. *Wainright v. Sykes*, 433 U.S. 72 (1977). *See*

3

*also Greer*, 264 F.3d at 663.

Instead, Smith attempts to advance additional arguments regarding his "actual innocence." In extreme cases, a petitioner may be heard in federal court despite his violation of state procedural rules, and despite an inability to show cause and prejudice. A credible claim of actual innocence is one way in which a petitioner might show the "fundamental miscarriage of justice" required to establish the existence of such circumstances. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Murray v. Carrier*, 477 U.S. 478, 496 (1986)[1].

Smith advances no such credible claim. Instead, he restates his arguments regarding the allegedly erroneous jury instruction leading to his conviction, this time designating them "the crux of his actual innocence claim." The court agrees with the Magistrate Judge that Smith's extremely

---

[1] Last year, Justice O'Connor provided a thorough review of the Supreme Court's jurisprudence in this area:

> The procedural default doctrine, like the abuse of writ doctrine, refers to a complex and evolving body of equitable principles informed and controlled by historical usage, statutory developments, and judicial decisions. A corollary to the habeas statute's exhaustion requirement, the doctrine has its roots in the general principle that federal courts will not disturb state court judgments based on adequate and independent state law procedural grounds. But, while an adequate and independent state procedural disposition strips this Court of certiorari jurisdiction to review a state court's judgment, it provides only a strong prudential reason, grounded in considerations of comity and concerns for the orderly administration of justice, not to pass upon a defaulted constitutional claim presented for federal habeas review. That being the case, we have recognized an equitable exception to the bar when a habeas applicant can demonstrate cause and prejudice for the procedural default. The cause and prejudice requirement shows due regard for States' finality and comity interests while ensuring that fundamental fairness remains the central concern of the writ of habeas corpus.
>
> The cause and prejudice standard is not a perfect safeguard against fundamental miscarriages of justice. *Murray v. Carrier* thus recognized a narrow exception to the cause requirement where a constitutional violation has probably resulted in the conviction of one who is actually innocent of the substantive offense.

*Dretke v. Haley,* 541 U.S. 386, 392-393 (2004)(copious quotations and citations omitted).

narrow and unwarranted definition of "possession" does not prove the commission of harmful error at his original trial, much less the commission of a violation of constitutional rights or the unjust imprisonment of one who is actually innocent. Smith's argument thus falls far afield of the Supreme Court's requirements for

> a substantial claim that constitutional error has caused the conviction of an innocent person ... To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial.

*Schlup v. Delo*, 513 U.S. 298, 324 (1995). Clearly, Smith provides no such support for his unexhausted claims.

For the foregoing reasons, the court adopts the recommendation of Magistrate Judge Gallas, and grants Smith's motion to amend his original petition. Smith's second claim is therefore dismissed without prejudice.

Smith's remaining claims, contained in grounds I, III, and IV of his petition, are without merit, and the court therefore denies his petition for a writ of habeas corpus. For this reason, and upon its finding that Smith has not made a substantial showing of the denial of a constitutional right, the court declines to issue a certificate of appealability for this order. *See* 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

    /s/ Ann Aldrich
ANN ALDRICH
UNITED STATES DISTRICT JUDGE

**Dated: December 9, 2005**